**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2234
_____

JOHN BRANDT,
                                        Appellant
v.

ELIZABETH BURNS; HEIDI CAMERLENGO; LOUIS MARTELLI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:07-cv-00862)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed:  August 3, 2011)

_____

OPINION
_____

PER CURIAM.

        John Brandt, proceeding pro se, appeals from the District Court's order

granting Appellees' motion for summary judgment in his action alleging due process

violations and claims under New Jersey state law.  For the reasons that follow, we will

affirm.

**I.**

In 2003, the New Jersey Superior Court found Brandt not guilty by reason of insanity with respect to charges of criminal mischief and other offenses. As a result, Brandt was involuntarily committed pursuant to State v. Krol, 344 A.2d 289 (N.J. 1975), and N.J. Stat. Ann. § 2C:4-8.[1] After spending time at Ann Klein Forensic Center and Greystone Psychiatric Hospital, Brandt was transferred to Ancora Psychiatric Hospital ("Ancora") in Hammonton, Atlantic County, New Jersey, in September 2005. His treatment team at Ancora included Dr. Elizabeth Burns, Dr. Heidi Camerlengo, and Louis Martelli — Brandt's psychiatrist, psychologist, and social worker, respectively.

At the time of his transfer to Ancora, Brandt was subject to an unrelated, outstanding warrant for his arrest in Lakewood Township, Ocean County, New Jersey, for unpaid traffic fines. Brandt told his treatment team that he wished to be transferred to jail on detainer status — ostensibly to satisfy those unpaid fines — and threatened to escape from Ancora if he did not get his way.[2] The treatment team ultimately agreed to this transfer. To ensure that Brandt would remain detained after the outstanding warrant was resolved, the treatment team obtained an order from Brandt's Krol judge. That

---

[1] Under New Jersey law, "[a]n acquittal by reason of insanity terminates the criminal proceedings against an accused, unless the accused remains mentally ill and in need of involuntary commitment," in which case the individual can be involuntary committed. In re Commitment of W.K., 731 A.2d 482, 483 (N.J. 1999). After a defendant is committed, "periodic review hearings (*Krol* hearings) are held in a criminal proceeding on notice to the prosecutor to determine if continued involuntary commitment is warranted." Id.

[2] Brandt had previously escaped from Greystone Psychiatric Hospital on two separate occasions.

order, dated November 9, 2005, stated that Brandt was subject to a detainer, and directed "any law enforcement officer" to "immediately arrest this Defendant and produce the Defendant before the Court or hold in custody until the next regular Court session."

On November 18, 2005, Brandt was transferred from Ancora to the Lakewood Township police station. A 30-day supply of medication and a detailed discharge report prepared by Dr. Burns were sent with him.[3] Once at the police station, Brandt paid the outstanding traffic fines. The police then ran a background check to determine whether there were any remaining warrants outstanding. Finding none — it appears that the Krol judge's order had not been properly distributed — the police released Brandt.

Upon his release, Brandt took a bus to his home. Three days later, he and his friends spent time in Pemberton, New Jersey. When all of his friends had left, Brandt approached two strangers and offered them money to give him a ride home. The two individuals agreed, but instead of driving him home, they drove to a different location. During this drive, Brandt noticed that one of the individuals was carrying a gun. Thinking that this individual was going to shoot or rob him, Brandt grabbed the gun. A shot then went off, with the bullet striking Brandt's right knee. Brandt then exited the car and threw his money to the ground. The individual with the gun picked up the money and left. Brandt, meanwhile, was treated at a hospital for his injured knee and was later returned to Ancora.

---

[3] The discharge report noted, inter alia, that Brandt was "still under KROL status."

In February 2007, Brandt filed a pro se complaint in the District Court against Dr. Burns, Dr. Camerlengo, and Martelli. Brandt subsequently amended the complaint, and, in July 2009, filed a second amended complaint through counsel. The second amended complaint alleged that the three defendants had violated his due process rights, as well as his rights under New Jersey state law, by improperly discharging him and failing to provide for his continued care and treatment. Brandt claimed that, as a result of the defendants' conduct, he had been mugged and shot.

In the months that followed, Dr. Burns moved to dismiss a subset of the claims against her, all three defendants collectively moved for summary judgment, and Brandt cross-moved for partial summary judgment. On March 31, 2010, the District Court entered an order granting the defendants' motion for summary judgment, denying Brandt's cross-motion for partial summary judgment, and denying Dr. Burns' motion to dismiss as moot. In doing so, the court concluded that all of Brandt's claims failed because a superseding cause broke the causal link between the defendants' alleged conduct and the harm he suffered:

> [E]ven assuming that Dr. Burns breached her duty of care as a clinical psychiatrist by discharging plaintiff into the hands of the Lakewood Township police, and all defendants deprived plaintiff of his substantive right to medical care and protection, and did not follow the proper procedures in discharging plaintiff, defendants cannot be liable for plaintiff's injuries because the harm plaintiff encountered was caused by a superseding act.
>
> . . . .

4

. . . Dr. Burns and the other treatment team members believed that when plaintiff was discharged from Ancora, appropriate measures were in place to ensure that plaintiff would not be released into the community. Further, they believed that the legal system, over which they had no control, would properly effectuate their plan. It is beyond the contemplation of mental health professionals, however, that [the Krol judge's] order would not be properly disseminated so that the Lakewood Township police department would not be alerted to it, and therefore fail to retain plaintiff pursuant to it.

(Dist. Ct. Op. 10, 14-15.)

Brandt now seeks review of the District Court's judgment.

**II.**

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment under a plenary standard, applying the same test employed by the District Court." Smith v. Borough of Dunmore, 633 F.3d 176, 179 (3d Cir. 2011) (internal quotation marks and citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010).

As the District Court noted, tort law principles, including the principle of proximate causation, govern not only Brandt's state law claims, but also his constitutional claims. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004). Proximate causation

5

is established where the defendant's wrongful conduct is a "substantial factor" in bringing about harm to the plaintiff. See id. (citing RESTATEMENT (SECOND) OF TORTS § 431 (1965)); see also Verdicchio v. Ricca, 843 A.2d 1042, 1056 (N.J. 2004) (noting that the New Jersey courts have adopted the "substantial factor" test). The chain of proximate causation is broken, however, by a superseding cause. Lamont v. New Jersey, 637 F.3d 177, 185 (3d Cir. 2011). "A superseding cause is an event or conduct sufficiently unrelated to or unanticipated by a defendant that warrants termination of liability, irrespective of whether the defendant's negligence was or was not a substantial factor in bringing about the harm." Thabault v. Chait, 541 F.3d 512, 525 (3d Cir. 2008).

Although the issue of proximate causation is typically determined by the factfinder, this issue may be addressed as a matter of law "where the outcome is clear or when highly extraordinary events or conduct takes place." See id. at 523-24; see also Port Auth. of N.Y. and N.J. v. Arcadian Corp, 189 F.3d 305, 318 (3d Cir. 1999) ("The New Jersey courts have on many occasions held that proximate causation did not exist as a matter of law."). Having reviewed the record in this case, we agree with the District Court that it was appropriate to resolve the issue of proximate causation as a matter of law. Moreover, for substantially the reasons provided by the District Court, we agree that the apparent mishandling of the Krol judge's order (by an actor or actors outside of the Appellees' control) and the subsequent release of Brandt by the Lakewood Township police constituted a superseding cause that broke the causal link between the Appellees' alleged conduct and the harm suffered by Brandt. Accordingly, we will affirm the

6

District Court's judgment.  Brandt's motion to proceed in forma pauperis ("IFP") on appeal is denied as unnecessary, as his IFP status from the District Court proceedings carries over to this appeal.[4]  See Fed. R. App. P. 24(a)(3).  Brandt's motion for appointment of counsel and request for transcripts are denied.

_____

[4]  The Prison Litigation Reform Act's ("PLRA") fee payment provisions, see 28 U.S.C. § 1915, do not apply here, for Brandt is not a "prisoner" as defined in § 1915(h).  See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001) (concluding that litigant who was committed to a psychiatric facility following verdict of not guilty by reason of insanity is not a "prisoner" under § 1915(h), and thus "not subject to the detailed inmate-account procedures of § 1915").